FILED

DEC 17 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES H. THOMAS, an individual and LLOYD WAITE, Jr., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> FEDEX FREIGHT, INC., an Arkansas Corporation, as successor in interest to Fedex National LTL and FEDEX CORPORATION, a Delaware Corporation, <br><br> Defendants - Appellees. | No. 13-56737 <br><br> D.C. No. 2:12-cv-00822-DSF-OP <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted December 9, 2015
Pasadena, California

Before: REINHARDT, FISHER, and NGUYEN, Circuit Judges.

Lloyd Waite, Jr. and Charles Thomas bring this action against Fedex Freight,

Inc., claiming race discrimination and retaliation, respectively, under federal and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

California law.  The district court denied Thomas leave to amend his complaint and then later granted summary judgment against both Waite and Thomas in favor of Fedex.  We affirm.

Waite argues that the district court erred in granting summary judgment because it should have granted a second continuance under Federal Rule of Civil Procedure 56(d) so that he could discover additional information before a summary judgment decision.  Because he already received the data that he claimed to need, though, the district court did not abuse its discretion in denying a second continuance.  Waite's remaining evidence does not establish a triable issue of pretext.  We therefore affirm summary judgment as to Waite.  *See* Fed. R. Civ. P. 56(a).

As to Thomas, we have jurisdiction to review the district court's order  denying leave to amend because he manifestly intended to appeal from the judgment, and non-final orders "merge with the judgment." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1070 (9th Cir. 2012); *see Foman v. Davis*, 371 U.S. 178, 181 (1962) ("It is . . . entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities.").  Because Thomas failed to establish good cause for waiting until well after the scheduling order deadline to move to amend the complaint, the district court did not abuse its discretion in denying him leave to amend the complaint.  *See* Fed R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  On the merits of his

claim, Thomas does not rely on the statutory provisions listed in the complaint, and he devotes only one sentence of his reply brief to challenging the district court's ruling that he could not rely on statutory provisions outside the complaint. Such perfunctory treatment is insufficient to preserve the issue on appeal. *See United States v. Alonso*, 48 F.3d 1536, 1544-45 (9th Cir. 1995). We therefore affirm summary judgment as to Thomas.

**AFFIRMED.**